# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JAMES EUGENE HOTCHKISS, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) Case No. 16-cv-0752-MJR ) |
| A. DAVID, | ) ) |
| Defendant. | ) ) |

## MEMORANDUM AND ORDER

**REAGAN, Chief District Judge:**

This case is now before the Court on remand from the United States Court of Appeals, Seventh Circuit. Plaintiff brought this civil rights action pursuant to 28 U.S.C. § 1983 while he was confined as a prisoner at Shawnee Correctional Center ("Shawnee"). He has since been released. The appellate court's mandate issued November 27, 2017 (Doc. 27), and accompanying order (Doc. 27-1) affirmed in part and reversed in part this Court's dismissal of Plaintiff's constitutional claims. (Doc. 7).

Specifically, the Seventh Circuit found that Plaintiff had stated a cognizable Eighth Amendment claim against Defendant David on the theory that David subjected him to an unnecessary 16-month delay of treatment in violation of the Eighth Amendment by prescribing medication for his hip and knee pain in lieu of providing Plaintiff with the orthopedic shoes that Plaintiff had been requesting since his placement at Shawnee. (Doc. 27-1. pp. 4-5). The Seventh Circuit affirmed the dismissal of Defendant Woods. (Doc. 27-1, p. 6).

Plaintiff's claim against David for medical deliberate indifference in violation of the Eighth Amendment shall be designated **Count 1**. In accordance with the mandate of the United States Court of Appeals for the Seventh Circuit, Plaintiff may proceed on Count 1.

**Disposition**

**IT IS HEREBY ORDERED** that, pursuant to the mandate of the Court of Appeals, this Court's September 22, 2016, Judgment (Doc. 8) is **VACATED** and the case is **REOPENED.**

**IT IS FURTHER ORDERED** that, pursuant to the mandate of the Court of Appeals, this Court's September 22, 2016, Order (Doc. 7) is **VACATED IN PART**, in that the only claim remaining on remand is **COUNT 1** outlined above. The deliberate indifference claim against Woods remains dismissed with prejudice.

In light of the mandate of the Court of Appeals, that part of this Court's September 22, 2016, Order (Doc. 7) assessing a "strike" against Plaintiff under 28 U.S.C. § 1915(g) for the dismissal of this case is also **VACATED.**

The Clerk of Court shall prepare for Defendant **David**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, and this Memorandum and Order to Defendant's place of employment as identified by Plaintiff. If Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

With respect to a Defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if

not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to United States Magistrate Judge **Stephen C. Williams** for further pre-trial proceedings.

Further, this entire matter shall be **REFERRED** to United States Magistrate Judge Williams for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under § 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* has been granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against plaintiff and remit the balance to plaintiff. Local Rule 3.1(c)(1).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7**

**days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: December 5, 2017**

<u>s/ MICHAEL J. REAGAN</u>
United States Chief District Judge