IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| JAMES HOTCHKISS, | |
|---|---|
| Plaintiff, | |
| v. | Case No. 3:16-CV-752-NJR-MAB |
| ALFONSO DAVID, M.D., | |
| Defendant. | |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

This matter is before the Court on the Report and Recommendation of Magistrate Judge Mark A. Beatty, which recommends the undersigned deny the Motion for Summary Judgment on the issue of exhaustion of administrative remedies filed by Defendant Alfonso David, M.D. (Doc. 62).

In this lawsuit, filed pursuant to 42 U.S.C. § 1983, Plaintiff James Hotchkiss alleges Defendant Dr. David was deliberately indifferent to his serious medical needs including issues with balance, as well as chronic, severe pain in his left leg and hip (Doc. 1). These medical problems allegedly are related to Hotchkiss's artificial left knee cap, a steel rod in his leg, and the fact that his left leg is shorter than his right leg (*Id.*).

On preliminary review pursuant to 28 U.S.C. § 1915A, now-retired District Judge Michael Reagan found Hotchkiss's complaint was frivolous and failed to state a claim (Doc. 7). Judge Reagan therefore dismissed the case (Doc. 7). Hotchkiss appealed, and the Seventh Circuit Court of Appeals reversed the dismissal of Hotchkiss's claim against Dr. David. *Hotchkiss v. David*, 713 F. App'x 501, 506 (7th Cir. 2017).

On September 18, 2018, Dr. David filed a motion for summary judgment arguing that Hotchkiss did not exhaust his administrative remedies prior to filing this lawsuit (Doc. 44). Hotchkiss filed several documents in response to Dr. David's motion (Docs. 48, 49, 52), but Dr. David did not file a reply brief.

On July 25, 2019, Judge Beatty entered the Report and Recommendation currently before the Court (Doc. 62). Judge Beatty recommends denying Dr. David's motion for summary judgment because Dr. David failed to refute Hotchkiss's evidence that he submitted grievances to which he received no response. Accordingly, Judge Beatty considered it undisputed that prison officials failed to respond to four grievances, rendering the administrative grievance process unavailable to Hotchkiss. As a result, Hotchkiss is deemed to have exhausted his administrative remedies. No objections were filed to the Report and Recommendation.

Where timely objections are filed, this Court must undertake a *de novo* review of the Report and Recommendation. 28 U.S.C. 636(b)(1)(B), (C); FED. R. CIV. P. 72(b); SDIL-LR 73.1(b); *Harper v. City of Chicago Heights*, 824 F. Supp. 786, 788 (N.D. Ill. 1993); *see also Govas v. Chalmers*, 965 F.2d 298, 301 (7th Cir. 1992). But, where neither timely nor specific objections to the Report and Recommendation are made, this Court should only review the Report and Recommendation for clear error. *Johnson v. Zema Systems Corp.*, 170 F.3d 734, 739 (7th Cir. 1999). The Court may then "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

While *de novo* review is not required here, the Court has reviewed the evidence and Judge Beatty's Report and Recommendation for clear error. Following this review,

the Court agrees with his findings, analysis, and conclusions. Accordingly, the Court **ADOPTS** Judge Beatty's Report and Recommendation (Doc. 62) and **DENIES** Dr. David's Motion for Summary Judgment on the issue of exhaustion of administrative remedies (Doc. 44).

Furthermore, the Motion to Amend Scheduling Order filed by Dr. David (Doc. 64) is **GRANTED**. The previously imposed stay on discovery is **LIFTED**. Judge Beatty is **DIRECTED** to enter an amended scheduling order that extends the deadlines in this case by 90 days.

**IT IS SO ORDERED.**

**DATED: August 13, 2019**

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**